

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON**

**TRISH M. BROWN**
BANKRUPTCY JUDGE

1050 SW SIXTH AVENUE, #700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

April 5, 2021

Michael R. Fuller
111 SW Fifth Ave., Suite 3150
Portland, OR 97204
**VIA CM/ECF ONLY**

Carolyn R. Smale
212 Front St.
Hood River, OR 97031

Re:  *Mosebach v. Murphy*, Adv. Proc. No. 18-3126-tmb
     *In re James Michael Murphy & Cynthia L. Mills*, Case No. 18-31759-tmb13

Dear Counsel:

The above-captioned adversary proceeding came before the court for trial on March 22, 2021. Plaintiff Hannah Mosebach was represented by Michael R. Fuller and Debtor James Michael Murphy was represented by Carolyn R. Smale. After hearing witness testimony and argument of counsel, and receiving documentary evidence, the court took the matter under advisement.

While the matter was still under advisement, Mr. Murphy attempted to file a *pro se* Motion Requesting Rule 11(b) Sanctions and Motion to Admit Newly Discovered Evidence (ECF No. 41), which the court struck for facial deficiencies (*see* ECF No. 44). Within hours of Mr. Murphy's motion, his counsel, Ms. Smale, moved to withdraw from her representation (ECF No. 42). Plaintiff filed a response in opposition to the motion to withdraw (ECF No. 43).

This letter consists of my ruling on the matters presented at trial and Ms. Smale's motion to withdraw.

Factual Background
This adversary proceeding is an outgrowth of civil litigation filed by Debtor, against Plaintiff, in Multnomah County Circuit Court in June 2014. Complaint (ECF No. 1) ¶ 3. Both Plaintiff and Debtor were members of the Oregon Air National Guard ("OANG"). Plaintiff had accused Debtor of performing an unauthorized medical procedure, which she characterized as sexual assault, and the OANG opened a civil investigation. Debtor's June 2014 complaint, filed *pro se*, accused Plaintiff of making defamatory statements concerning Debtor.

Plaintiff responded to Debtor's complaint by moving to dismiss the case under ORS 31.150, Oregon's statute regarding "strategic lawsuits against public participation" (known as the anti-SLAPP statute). The Multnomah County Circuit Court granted Plaintiff's motion to dismiss and entered a judgment in February 2015 awarding Plaintiff her costs and attorney fees. Pltf. Tr. Exh. 1 at 13-15. In this adversary proceeding, Plaintiff alleges that Debtor's liability on that judgment is non-dischargeable under § 523(a)(6).

Legal Standards
To fit within the exception to discharge under § 523(a)(6), a claim must be for willful and malicious injury by the debtor to another. In most cases, including this one, a creditor seeking a determination of nondischargeability under § 523(a)(6) must prove the elements of a tort under applicable state law. Here, Plaintiff must prove that Debtor committed wrongful use of a civil proceeding, which under Oregon law requires: (1) the commencement and prosecution by Debtor of a judicial proceeding against Plaintiff, (2) the termination of the underlying proceeding in Plaintiff's favor, (3) the absence of probable cause to prosecute the action, (4) the existence of malice or a primary purpose other than that of securing an adjudication of the claim, and (5) damages. *Alvarez v. Retail Credit Ass'n of Portland*, 234 Or. 255, 259-260 (1963). For purposes of this analysis, a plaintiff has probable cause to prosecute a civil action if he reasonably believes that the defendant has acted in a particular manner, and such acts constitute the offense alleged in the complaint. *Varner v. Hoffer*, 267 Or. 175, 179-80 (1973) (analyzing the comparable tort of malicious prosecution, quoting Restatement of Torts § 662 (1938))

Analysis
There is no real dispute that Debtor commenced a judicial proceeding against Plaintiff, that Plaintiff prevailed, and that she suffered damages (in the form of the attorney fees that provide the basis for Plaintiff's state-court judgment). The parties dispute whether Debtor had probable cause to commence his defamation action and whether he acted with malice or ulterior motive. Plaintiff bears the burden of proving both contested elements by a preponderance of the evidence.

I hold that the state court judgment is not preclusive as to the contested elements because the standard for granting an anti-SLAPP motion to dismiss are materially different from the elements of a wrongful-use-of-civil-proceeding claim. Specifically, once a defendant shows that a plaintiff's claim arises out of a certain type of public proceeding, the burden shifts to the plaintiff to establish a probability of success "by presenting substantial evidence to support a prima facie case." ORS 31.150(3). The "substantial evidence" standard appears to be more exacting than probable cause, plus the anti-SLAPP statute requires no showing of malice or ulterior motive.

Based on the evidence provided at trial, I find that at the time he filed his initial complaint in state court, Debtor had probable cause to believe that Plaintiff had defamed him. In so ruling, I express no opinion regarding the ultimate merits of Debtor's complaint; rather, I find only that he had a reasonable belief that Ms. Mosebach had uttered untrue statements to third parties, and that those statements injured Debtor's professional reputation. Debtor contended that he had not performed an unauthorized medical examination, and he was aware that Ms. Mosebach had made specific accusations to colleagues regarding sexual misconduct on his part. The existence of these statements was later confirmed by a military investigator. *See* Pltf. Tr. Exh. 1 at 49-51.

After a lengthy cross-examination of Debtor at trial, Plaintiff was unable to come forward with evidence proving that Debtor's belief in 2014 was unreasonable. Accordingly, because Plaintiff has not proven all elements of wrongful use of a civil proceeding, her claim under § 523(a)(6) necessarily fails.

Motion to Withdraw
Not content to wait for this court's ruling, Debtor filed the ill-advised "pro se" motion referenced previously. This seemingly led to Ms. Smale's motion to withdraw as counsel, based on Debtor's apparent termination of the attorney-client relationship. Ordinarily, the court grants attorney motions to withdraw as a matter of course. However, under Oregon law and this court's inherent powers, I retain the ability to deny a motion to withdraw if justice so requires. *See* Or. R. Prof. Conduct 1.16(c), and Dist. Ct. LR 83-11(a) (applicable here via LBR 9010-1(f)(1)).

Debtor's conduct at trial, and his filing of a procedurally deficient *pro se* motion, cause me to doubt whether he could constructively work with Plaintiff's counsel in the preparation and submission of a judgment consistent with the requirements of Local Bankruptcy Rule 9021-1. Accordingly, I will deny Ms. Smale's motion to withdraw at this time. After a judgment is entered, this adversary proceeding may close, at which point Ms. Smale would no longer need leave of court to terminate her engagement.[1] If, for any reason, the adversary proceeding does not close promptly after entry of a judgment, then Ms. Smale may renew her motion to withdraw, and I may grant such motion without further notice or hearing.

Conclusion
The court will enter an order denying Ms. Smale's motion to withdraw. Ms. Smale should submit a judgment within seven days of the date of this letter.

Very truly yours,

Trish M. Brown

---

[1] Note, that this analysis applies only to Ms. Smale's motion to withdraw from this adversary proceeding. Nothing in this ruling impacts Ms. Smale's motion to withdraw from the main chapter 13 case.